IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONALD R. POWERS,

        Plaintiff

v.                                                                CIV 09-0087 BB/CG

BERNALILLO COUNTY, and
RONALD TORRES,

        Defendants.

## ORDER TO SHOW CAUSE

      This matter is before the Court *sua sponte* after Plaintiff failed to timely file his response to Defendants' *Martinez* Report.  The Court gave Plaintiff until March 5, 2010 to do so, but he has not filed anything in the past year.  *See Docket Sheet.*  If Plaintiff has been released from custody or transferred, he has not advised the Court of his new address as required by this Court's local rules.  *See* D.N.M.LR-Civ 83.6 ("All . . . parties appearing *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their . . . mailing address").  That may be what has happened here.

      The address of record for Plaintiff is the Bernalillo County Metropolitan Detention Center in Albuquerque.  That is where the notice of electronic filing for the Court's briefing schedule order and Defendants' *Martinez* Report were mailed in November 2009 and February 2010, respectively.  *See Docs. 9-10* (notices of electronic filing). Neither of those notices were returned as undeliverable.  However, on March 11, 2010,

I also conducted a search of public electronic sources.  The New Mexico Department of Corrections offender information database indicates Plaintiff's status is "probation/parole"[1] and the Metropolitan Detention Center "'all' custody list" does not include Plaintiff.[2]

The Court has the inherent power to impose a variety of sanctions on litigants in order to, among other things, regulate its docket and promote judicial efficiency. *Martinez v. Internal Revenue Service,* 744 F.2d 71, 73 (10th Cir. 1984).  One such sanction within the discretion of the Court is to dismiss an action for want of prosecution.  *E.g., Nat'l Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 642-43(1976); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *see also Costello v. United States,* 365 U.S. 265, 286-87 (1961) (district court may dismiss *sua sponte* for failure to comply with order of court); *United States ex rel. Jimenez v. Health Net, Inc.,* 400 F.3d 853, 855-56 (10th Cir. 2005) ("dismissal is an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules . . . a strong sanction to be sure, but it is no trifling matter for [a litigant] to abuse our office by disappearing and failing to meet our deadlines.  The federal courts are not a playground for the petulant or absent-minded; our rules and orders exist, in part, to ensure that the administration of justice occurs in a manner that most efficiently utilizes limited judicial resources.").

Based on Plainitff's failure to comply with local rules and the lack of activity in this

---

[1] *See* http://corrections.state.nm.us/offenders/search.php.

[2] See www.bernco.gov/live/standalone.asp?dept_id=2338&link_id=4059.

case, he will be required to show cause why this case should not be dismissed.

Wherefore,

**IT IS HEREBY ORDERED THAT** no later than Friday, April 2, 2010, Plaintiff shall either file his Response to the *Martinez* Report or file a response to this order showing cause why this case should not be dismissed. Whichever he chooses to file, Plaintiff must serve a copy on Counsel for Defendants. **Plaintiff is also hereby notified that failure to respond to this Order may result in dismissal without further notice.**

_____
UNITED STATES MAGISTRATE JUDGE